## UNITED STATES *v.* BABBITT.

1. Where, under the acts of Feb. 11, 1847 (9 Stat. 125), Sept. 28, 1850 (id. 520), March 22, 1852 (10 id. 3), and March 3, 1855 (10 id. 635), military bounty-land warrants were located on public land, subject to private entry by them, it was the duty of the register of the land-office where the locations were made to receive the register's fees therefor.
2. Where the register received them, his refusal to pay over to the United States the surplus beyond the maximum compensation of $3,000 per annum, to which°he was entitled by law for all his services of every description, is a breach of his official bond, both as respects himself and his sureties; and the United States is under no necessity to proceed against him by an action on the case for money had and received.

ERROR to the Circuit Court of the United States for the District of Iowa.

This is an action of debt upon a bond given by Lysander W. Babbitt and the other defendants to the United States, on the ninth day of May, 1853, to recover the sum of $10,000 alleged to have been charged and received by him, during his term of office, as fees for the location of military bounty-land warrants under the provisions of the acts of Congress approved the 11th of February, 1847, the 28th of September, 1850, the 22d of March, 1852, and the 3d of March, 1855, over and above the maximum compensation of $3,000 which he, as such register, was authorized to retain. The bond was conditioned as follows : —

"Whereas the President of the United States hath, pursuant to law, appointed the said Lysander W. Babbitt register of the land-office for the district of land subject to sell at Kanesville, in the State of Iowa, for the term of four years from the sixth day of April, 1853, by commission dated the eighth day of April, 1853 : Now, therefore, if the said Lysander W. Babbitt has truly and faithfully executed and discharged, and shall continue truly and faithfully to execute and discharge, all the duties of the said office, according to law, then the above obligation to be void and of none effect; otherwise it shall abide and remain in full force and virtue."

The defendants, Hall and Burnett, as the sureties on the bond, among other pleas, pleaded separately for themselves that it was no part of the official duties of Babbitt, as such register, to receive the said fees, and that he was not required,

by the obligations of said bond, to pay the same to the United States.

Babbitt, for himself alone, among other pleas, pleaded the same defence.

To each of these several pleas the United States demurred.

The court overruled the demurrers, and rendered final judgment in favor of all the defendants.

On the hearing of the demurrers and in the rendition of said judgment, the judges were opposed in opinion upon two questions, which are set forth in the opinion of the court. The United States sued out this writ of error.

*Mr. Assistant Attorney-General Smith* for the plaintiff in error.

No counsel appeared for the defendants in error.

Mr. Justice Swayne delivered the opinion of the court.

This case comes before us upon a certificate of a division of opinion of the judges by whom the case was tried in the Circuit Court.

The questions certified are : —

1. Whether it was the duty of the defendant Babbitt, as register of the land-office, to receive the register's fees from the locators of military bounty-land warrants, upon their being located on the public lands, subject to private entry by such warrants, under the acts of Feb. 11, 1847, Sept. 28, 1850, March 22, 1852, and March 3, 1855.

2. Whether, if such fees were charged and received by Babbitt, as such register, his neglect and refusal to account for and pay over to the United States the surplus, over and above the maximum compensation authorized to be by him received, as determined in this case by the Supreme Court of the United States, in *United States* v. *Babbit*, 1 Black, 55, constitutes a breach of the conditions of the official bond of Babbitt, as register, as respects himself alone, and also as respects the sureties in the bond, and whether in such case the remedy is not by an action against Babbitt for money had and received.

The reported case, to which reference is made, contains a careful analysis of the acts of Congress mentioned in the first question, and of several others relating to the subject. It is

unnecessary to go over the same ground again, or to reproduce any thing there said.

It was held in that case that $3,000 per annum was the maximum compensation allowed to the register by law, and that he was not entitled to hold in addition the fees in question in his own right.

The act of March 3, 1853, requires that " the surplus which shall remain." of such fees, beyond the compensation to which the register is entitled, " shall be paid into the Treasury of the United States as other moneys."

There could be no paying without previous receiving. The latter duty is explicitly declared. The prior one is as clearly to be inferred. Both would be alike implied in the absence of the provision as to paying over.

What is implied in a statute, will, deed, or contract is as much a part of it as what is expressed. *United States* v. *Babbit, supra.*

The first question certified must, therefore, be answered in the affirmative.

To the second it must be answered, that, if the register received such fees, the neglect and refusal to pay over to the United States the surplus beyond the compensation to which he was entitled by law was a breach of the condition of his official bond, both as respects himself and the sureties in the bond, and that the United States is under no necessity to proceed against the principal in the bond by an action on the case for money had and received.

The judgment will be reversed, and the cause remanded for further proceedings in conformity to this opinion; and it is

*So ordered.*